EASTERN DIST.
*February*, 1840.

MARTIN *vs.* M'MASTERS.

MARTIN
*vs.*
M'MASTERS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An exception to the suit, alleging that the plaintiff has shown no cause of action, must be first considered independently of any other matter of defence.

The transferee of a note, *not endorsed*, but transferred by a special assignment of the payee, written on the back of it, cannot maintain an action against the transferor. He has no recourse on the transferor when the *debt exists at the time* of the transfer.

Where the transferor of a note obtained the temporary possession of it, and tortiously added the words, "without recourse" to the written transfer, as it did not alter the legal rights of the parties, the Court is not bound to notice it.

This is an action by the transferee against the transferor of the following promissory note, in which the former seeks to recover the amount :

"$1,000.                    NEW ORLEANS, 16th March, 1837."

" Ten days after date, without grace, I promise to pay to the order of James M'Masters, one thousand dollars, value received. This note bearing interest at maturity at one-half per cent per diem until paid."

" JAMES ROUTH."

Written on the back : " For value received, I transfer this note to Mr. J. C. Martin, May 17th, 1837," " *without recourse.*"

" JAMES M'MASTERS."

The plaintiff alleges that the defendant transferred this note to him for value received, which transfer was endorsed on the back of said note, your petitioner having paid said M'Masters the sum of one thousand one hundred and 'fifty dollars therefor.

He further alleges, that a few days after the transfer, he was asked by the defendant for the possession of the note, who informed him at the time that it would be paid, but with the view of defrauding and cheating him while the note was in

his possession, did secretly and without authority write and
add the words " without recourse," to the said assignment,
which act is punishable as a penal offence by law.

He therefore prays that the defendant be arrested and condemned to pay the amount of said note and interest.

The defendant, for answer, averred that by the plaintiff's own showing he has no cause of action. And should the court decide against this respondent, for further answer, he says, he delivered said note to the plaintiff, who, in consideration, gave him three notes on one Slocum, and he paid to plaintiff two hundred and fifty dollars in cash as the difference. That at the time, it was understood between them that the note of Routh was transferred to the plaintiff without any recourse on him in the event of non-payment; and if it was not paid, it was to be delivered up, Slocum's three notes returned, and the two hundred and fifty dollars in cash refunded to him. That it was further agreed the note should not be negotiated ; but in violation of this, the plaintiff attempted to negotiate it, when this respondent demanded the note from the plaintiff, and wrote the words " without recourse," because that was the agreement between them ; never intending himself to be responsible for the amount of the note. He avers, he has offered and now tenders Slocum's notes, on the plaintiff returning to him this one, and refunding the two hundred and fifty dollars paid in cash. He prays judgment in his favor.

Upon these pleadings and issues, the cause was tried. There was testimony taken, and evidence offered, to establish the facts set up in the answer.

The district judge, however, considered the transfer as having been made for a valuable consideration, and that the defendant was liable ; and the words " without recourse," as not having been written by the defendant, even supposing he may have imagined he had a right to add them.

He further remarked, that the judgment would be in the alternative if the answer enabled him to designate the three notes averred to have been given in exchange for the one sued on ; but as this was not the case, judgment must be

given for the plaintiff, for the amount of the note transferred and shown not to have been paid. From this judgment the defendant appealed.

*Jones*, for the plaintiff.

*Lockett* and *Micou*, contra.

*Martin, J.,* delivered the opinion of the court.

The plaintiff alleges, that the defendant transferred to him a note of one Francis Routh, over due for one thousand dollars, and afterwards prevailed on him to trust him, the defendant, with the note, and while it was in his possession he wrote the words " without recourse," at the end of the trans. fer, without the authority or consent of him, the plaintiff.

The answer avers that the plaintiff, from his own showing, has no cause of action, and in case this exception be overruled by the court, the answer states certain facts as matters of defence.

The court gave judgment against the defendant, being evidently of opinion that the plaintiff had shown a cause of action which was not impaired by the facts pleaded in the answer as matters of defence.

It appears to us that the court erred. The defendant's exception was one of those which are called peremptory of the *suit,* but not of the *action.* If it prevail, it did not impair the action, *id est,* the *right* of bringing another *suit. Code of Practice,* article 1. But it destroyed or abated the suit, *id est,* the means to which the plaintiff had resorted to avail himself of his action, leaving him at liberty to pursue his remedy in another suit. The defendant, therefore, had an incontestible right to have his exception considered, independently of any other matter of defence. The Code of Practice, article 336, expressly requires the defendant to plead in his answer " all the dilatory or peremptory exceptions on which he intends to rely," except as relates to declinatory exceptions. This is done under an implied *protestando* that they are not to be used if the exceptions which are peremptory of the suit prevail.

An exception to the suit, alleging that the plaintiff has shown no cause of action, must be first considered, independently of any other matter of defence.

.In this case, the *protestando* is express, " *if the court should* decide that said plaintiff has a cause of action." This leads us to an examination of the first exception :

It is, that the petition shows no cause of action.

The plaintiff sues on a note *not endorsed,* but *transferred,* to him by the defendant. The petition does not deny that the amount of the note was due to the defendant at the time of the transfer. The transferee has no recourse on the transferor, when the debt exists at the time of the transfer. *Louisiana Code,* 2616. The solvency of the debtor at the time of the transfer, nor since, is not warranted, unless it be so expressly agreed. *Idem.,* 2617.

In the present case, the solvency of the debtor is not denied in the petition. It is, therefore, clear that the plaintiff had not, under his contract of transfer, any recourse against the defendant.

The petition shows no ground of action *ex contractu ;* one is attempted to be shown *ex delicto.* It is, that the defendant, having been entrusted with the note, tortiously added the words " without recourse," to the transfer on the back of the note.

We have said that the transfer was made to the plaintiff without any recourse on the defendant, resulting from the agreement of the parties, or the law ; so no injury was done to the plaintiff by the addition of the words " *without recourse*" to the transfer written on the back of the note. The District Court was called upon to test the *legal rights* of the plaintiff, but not the morality or propriety of the defendant's conduct.

The conclusion we have come to, renders it unnecessary to examine the matters pleaded in the defence on the merits.

It is, therefore, ordered, adjudged and decreed, that there be judgment for the defendant as in case of non-suit ; the plaintiff and appellee paying costs in both courts.

---

EASTERN DIST.
*February,* 1840.

MARTIN
*vs.*
M'MASTERS.

The transferee of a note, *not endorsed,* but transferred by a special assignment of the payee, written on the back of it, cannot maintain an action against the transferor. He has no recourse on the transferor when the *debt exists at the time* of the transfer.

Where the transferor of a note obtained the temporary possession of it, and tortiously added the words " without recourse," to the written transfer, as it did not alter the legal rights of the parties, the court is not bound to notice it.